UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No.   4:25-CR-00313 SEP SPM |
| ) | |
| v.  ) | |
| ) | |
| JEAN CARLOS MORALES-DIAZ, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Matthew T. Drake, Acting United States Attorney for the Eastern District of Missouri, and Phillip J. Voss, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, *et seq*.

As and for its grounds, the United States of America states as follows:

1. The Defendant is charged with one count of being an Illegal Alien in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(5).

The Nature and Circumstances of the Offense

2. Pursuant to Title 18, United States Code, Section 3142(g)(1), the nature and circumstances of the charged offenses warrant pre-trial detention. On January 15, 2024, members of the St. Louis Metropolitan Police Department were on patrol in the are of Carondelet Park when they observed a black/red Ford Mustang with a Texas temporary registration travelling at a high rate of speed. Officers performed a traffic stop and approached the vehicle. The driver

identified himself as Defendant, but officers were unable to positively identify him (due to his status as an illegal alien). As a result, officers asked Defendant to step out of the vehicle while they continued their efforts to identify him.

3. While at the passenger side of the vehicle, an officer observed a black Polymer P80 9mm handgun, with a large capacity magazine, laying on the floorboard in plain view. After exhausting all available methods to identify Defendant on-scene, officers arrested him for numerous traffic violations. Prior to Defendant's vehicle being towed, officers searched Defendant's car and located five spent shell casings in the rear seat area. Officers later performed a computer inquiry on the Defendant's vehicle's Texas temporary tag and V.I.N. and both revealed no registration. The firearm seized did not have a serial number therefore no computer inquiry could be performed.

4. St. Louis Metropolitan Police officers later contacted an Immigration and Customs Enforcement (ICE) Agent and informed them of the incident. However, after exhausting all leads to locate Defendant, the Department of Homeland Security (HSI) ultimately closed its investigation of Defendant. Then, in March 2025, Defendant was arrested by members of the Town and County Police Department for operating a vehicle without a license. At that time, Defendant provided information to the Town and County Police Department that HSI was able to access and use to locate Defendant. As a result, HSI reopened the 2024 case against Defendant, and arrested him on June 5, 2025.

5. Following his arrest by HSI, Defendant was advised of his *Miranda* rights (in Spanish) which he knowingly and voluntarily waived and provided a statement to law enforcement. In short, Defendant admitted he is a citizen of Honduras, entered the United States illegally, and is not in possession of any immigration documents that allow him to lawfully

remain in the United States. Defendant also admitted to being in possession of the firearm at issue on January 15, 2024, and explained how he purchased the firearm, even though he knew he could not lawfully possess a firearm because he was in the United States illegally.

### The Weight of the Evidence

6.     Pursuant to Title 18, United States Code, Section 3142(g)(2), the weight of the evidence supports pre-trial detention. The Defendant is an illegal alien and was in possession of a firearm.

### Defendant's History and Characteristics

7.     Pursuant to Title 18, United States Code, Section 3142(g)(3), Defendant's ties to the community, past conduct, and record concerning appearances weigh in favor of detention. For example, Defendant and his father were initially apprehended by United States Border Patrol agents in 2019 and charged with Alien Present Without Admission or Parole. At that time, Defendant's father stated they were enroute to Oklahoma City to stay with a friend. Despite not being able to contact their "friend" in Oklahoma, and not being able to corroborate their story, Border Patrol released Defendant and his father on recognizance with a pending court date with an immigration Judge. On November 13, 2022, the proceedings were terminated

8.     Following Defendant's arrest on January 15, 2024, he was issued several citations for various traffic violations and given a court date—which he failed to appear to. Similarly, following Defendant's arrest in May of 2025, he was issued a series of citations for numerous traffic violations. Defendant failed to appear for that setting as well.

WHEREFORE, due to the Defendant being a danger to the community as demonstrated by the facts and circumstances of this case, and any other relevant information the Government

provides the court at a detention hearing, the Government respectfully requests that the Court order the Defendant to be detained pending trial.

        Respectfully submitted,

        MATTHEW T. DRAKE
        Acting United States Attorney

        */s/ Phillip J. Voss*
        PHILLIP J. VOSS, #6317069 (IL)
        Assistant United States Attorney
        111 South 10th Street, Room 20.333
        St. Louis, Missouri 63102
        (314) 539-2200