# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:25-cr-00313-SEP ) |
| JEAN CARLOS MORALES-DIAZ, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is the United States' Motion for Revocation of Release Order and for Temporary Say Pending Review, Doc. [20]. For the reasons set forth below, the motion is denied.

### BACKGROUND

On June 11, 2025, the Grand Jury indicted Defendant for one count of illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). Doc. [1]. Shortly thereafter, the Court issued a warrant for Defendant's arrest, and the United States filed a motion requesting that Defendant remain detained pending trial. Doc. [4]. Law enforcement arrested Defendant on June 16, 2025.

Later that day, Magistrate Judge Patricia L. Cohen held a detention hearing and took the matter under submission. Doc. [6]. On July 9, 2025, Judge Cohen denied the United States' Motion for Pretrial Detention, Doc. [18], and scheduled a bond execution hearing for July 9, 2025, at 11:00 AM. That same day, the United States filed a Motion to Stay, Doc. [19], and the instant Motion for Reconsideration and Appeal of the Magistrate Judge's Detention Order, Doc. [20]. This Court denied the motion to stay and set the matter for a hearing on the motion for reconsideration and appeal. While Judge Cohen initially proceeded with the bond execution hearing, the United States made an oral motion to continue the hearing, which Judge Cohen granted. Doc. [22].

On July 11, 2025, Defendant filed a response to the United States' Motion for Reconsideration and Appeal. Doc. [28]. A hearing was held on July 16, 2025, and the Court took the matter under advisement. This Order follows.

1

## LEGAL STANDARD

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance . . . ." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)).  "[E]ither danger to the community or risk of flight is sufficient to authorize detention." *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

"If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . ." 18 U.S.C. § 3145(a)(1).  The Court's review of the Magistrate's Order of Detention is *de novo*. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985).  When considering the issue of detention or release on bond, the Court must consider the following factors:  1) the nature and circumstances of the offense charged, 2) the weight of the evidence against the defendant, 3) the defendant's history and characteristics, and 4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

## DISCUSSION

The United States argues that "no condition or combination of conditions [ ] will reasonably assure the appearance of the Defendant and the safety of the community."[1]  Doc. [20] at 7.  On consideration of the statutory factors, the Court disagrees.

As to the first and second factor—the nature and circumstances of the offense charged and the weight of the evidence against the defendant—the Court agrees with the United States that the charge against Defendant is serious and the weight of the evidence is strong.  Special Agent John Steele of Homeland Security Investigations testified that Defendant admitted in an interview that he was in the United States illegally, that he was in possession of the firearm, and that he had purchased it himself.  The Court notes, however, that the Defendant is not charged with violence or any other aggravating conduct in relation to the firearm.

---

[1] The parties report that Defendant is subject to an ICE detainer.  Because the effects of such a detainer are uncertain and entirely outside of the undersigned's control, the Court disregards it in assessing whether the United States has met the standard for detention under the Bail Reform Act.

2

As to the third factor—the defendant's history and characteristics—the United States claims that the Pretrial Services Report evinces Defendant's "lack of ties to the community" and "history of failing to appear for court proceedings." *Id*. at 6.  The Pretrial Services Report states that Defendant was born in Honduras but has resided in the same apartment in the City of St. Louis for the past four years.  While Defendant's parents and six of his siblings live in Honduras, he lives with one of his sisters in St. Louis.  According to defense counsel, he helps care for his sister's child and is welcome to return to that home upon release.  Defendant has been employed as a mechanic for approximately 18 months, and defense counsel proffered that his job remains available to him if he were released.  In short, while it is true that a defendant could have even stronger ties to the community, Mr. Morales-Diaz's ties to the community are not so tenuous as to necessitate detention in order to reasonably assure his future appearance.  Defendant's past non-appearance at traffic hearings also provides only weak support for detention, given his voluntary appearance soon thereafter.  *See* Doc. [28] at 6.

Finally, as to the fourth factor— the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release—the United States notes that Defendant is charged with illegally possessing a firearm and that spent shell casings were found in plain view when he was pulled over.  The United States also produced screenshots from the internet of Defendant posing with a firearm.  Defendant counters that he has not been accused of using a firearm to commit violence or of possessing the firearm in connection with another felony offense, and he has never otherwise been arrested during his time in the United States, except for traffic infractions.  Defendant's arguments are well taken.

After careful consideration of the record and the statutory factors, the Court finds that the Government has not shown by "clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community." *Kisling*, 334 F.3d at 735 (quoting *Orta*, 760 F.2d at 891 & n.20).  Nor has it shown by "a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance." *Id*.  The question of specific bond conditions will be referred to Judge Cohen.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion for Revocation of Release Order and for Temporary Stay Pending Review, Doc. [20], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall appear before the Honorable Patricia Cohen, United States Magistrate Judge, for a bond execution hearing at a date and time to be set upon further order of the Court.

Dated this 22nd day of July, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE